UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| NOELLE FARRY, as Administratrix of the Estate of Jason Swift, and as Parent and Next Friend of Matthew Swift, a minor | : | |
| v. | : | C.A. No. CA 08 325T |
| CITY OF PAWTUCKET, by and through its Finance Director Ronald L. Wunschel; WALLACE H. MARTIN, individually and in his representative capacity; ANTHONY M. LUCCHETTI, individually and in his representative capacity; DAVID F. DOLAN, individually and in his representative capacity; DAVID H. KELLY, individually and in his representative capacity; and JOHN and JANE DOES, 1 though 10, individually and in their representative capacities | : | JURY TRIAL CLAIMED |

**COMPLAINT**

**PARTIES**

1. Plaintiff Noelle Farry brings this action as the duly appointed Administratrix of the Estate of Jason Swift ("Plaintiff's Decedent"), and as the Parent and Next Friend of Matthew Swift, the minor son of Plaintiff's Decedent and a wrongful death beneficiary under R.I.Gen.L. §§10-7-1, *et seq.*

2. The City of Pawtucket is a municipal corporation organized and existing under the laws of the State of Rhode Island.

3. Ronald L. Wunschel is the current Director of Finance of the City of Pawtucket, and is herein sued in his representative capacity pursuant to R.I. Gen. Laws § 45-15-5, and should another individual occupy that position, this suit shall continue against said individual in his representative capacity.

4. Wallace H. Martin ("Martin") is a Police Officer for the City of Pawtucket, who responded to the scene on February 12, 2008 involving Plaintiff's Decedent ("the Incident"), and participated in the actions and omissions of the various police officers involved in the Incident, and fired the shots which killed Plaintiff's Decedent, Jason Swift.

5. Anthony M. Lucchetti ("Lucchetti") is a Police Officer employed by the City of Pawtucket, who responded to the Incident on February 12, 2008 and participated in the actions and omissions of the various police officers involved in the Incident.

6. David F. Dolan ("Dolan") is a Police Officer employed by the City of Pawtucket, who responded to the Incident on February 12, 2008, and participated in the action and omissions of the police officers on said date.

7. David H. Kelly ("Kelly") is a Police Officer employed by the City of Pawtucket, who responded to the Incident on February 12, 2008, and participated in the action and omissions of the police officers on said date.

8. Defendants John and Jane Does 1 though 10 were, at all relevant times, police officers or non-uniformed employees of the Pawtucket Police Department or employees of the City of Pawtucket whose names and identities are unknown to Plaintiff at this time who were responsible for the hiring, screening, training, supervision and conduct of Defendants Martin, Lucchetti, Dolan and Kelly or were directly involved in the Incident.

9. At the time of the Incident, the Defendants Martin, Lucchetti, Dolan, Kelly and John and Jane Does 1 through 10 were acting under color of state law and within the scope of their employment.

## JURISDICTION

10. This Court has jurisdiction pursuant to 28 U.S.C. §1331, in that this is a civil action arising under the Constitution, laws, or treaties of the United States. In addition, this Court has supplemental jurisdiction under 28 U.S.C. §1367 over any claims based upon state law.

## FACTUAL ALLEGATIONS

11. On the morning of February 12, 2008, Jason Swift's mother, Betty Swift, called 911 and was connected to the dispatcher for the Police Department of the City of Pawtucket.

12. Betty Swift informed the dispatcher that her son was "out of his mind" and "crazy right now," and that she did not know what to do or who to call. She said her son was "talking crazy," saying he is "Jesus Christ" and "has to save the world." She further stated that she did not want her son hurt. The police dispatcher told Betty Swift to await police officers, and reassured her that the officers were trained to properly deal with the situation. Betty Swift agreed.

13. The dispatcher directed Defendants Martin and Lucchetti to the scene. When Defendants Martin and Lucchetti arrived, they observed Jason Swift brandishing a ceremonial sword, sheathed, in the yard of Betty Swift's apartment building. They observed that he was a large man, over six feet tall weighing over 300 lbs. The police ordered Jason Swift to drop the sword, and he complied. Jason Swift then made statements to the effect that he was cooperative, lifted his shirt and turned around to show that he was unarmed, and complied with the command that he put his hands up against a fence. Defendants Martin and Lucchetti then aggressively attempted to

physically restrain Jason Swift, and he panicked and struggled, whereupon the officers struck him with their batons and used pepper spray on him. They were completely unable to subdue him and he retreated into Betty Swift's apartment.

14. Defendants Martin and Lucchetti, accompanied by Defendant Dolan, immediately followed Jason Swift into the apartment building with guns drawn. They commanded him to come out of the apartment. When he failed to do so, they kicked in the door. When they entered the apartment, Jason Swift was unarmed, naked and kneeling on the floor with his hands up. He again made statements to the effect that he was cooperative, and told the police he loved them. Jason Swift then followed the police officers' command and assumed a prone position on the floor, repeating that he loved them. The police then again attempted to physically restrain Jason Swift, he again panicked, and a struggle then again ensued between Jason Swift and several police officers in the confined space of the apartment. They were again unable to subdue him. Their efforts degenerated into a brawl, with their attacking Jason Swift and striking him numerous times with their batons on his head, and other areas of his body. Finally they ordered Jason Swift to stay down on the floor. By this time, Defendant Kelly had arrived at the scene. When Jason Swift got up, Defendant Martin shot Jason Swift twice in the chest and abdomen, causing his death.

15. As a direct and proximate result of the said acts of the Defendant officers, Plaintiff's Decedent suffered the following injuries and damages:

(a) Violation of his constitutional rights under the Fourth and Fourteenth Amendments of the United States Constitution to be free from unreasonable searches and seizures of his person;

(b) Loss of his life; and

(c) Physical pain and suffering and emotional trauma and suffering.

16. In addition, Matthew Swift suffered the untimely end of his relationship with his father, with the corresponding loss of his father's income, services, protection, care, assistance, society, guidance, counsel and advice.

**NOTICE OF CLAIM**

17. Plaintiff has presented her claim to the Pawtucket City Council and more than forty (40) days have elapsed without payment thereof.

**COUNT I**

18. Plaintiff repeats and realleges Paragraphs 1 through 16 with the same force and effect as if set forth in full herein.

19. Plaintiff claims damages for the injuries set forth above under 42 U.S.C. §1983 against all defendants for violation of Plaintiff's Decedent's constitutional rights under color of law.

**COUNT II**

20. Paragraphs 1 though 19 are incorporated herein with the same force and effect as if set forth in full herein.

21. Defendants Martin, Lucchetti, Dolan, and Kelly assaulted and battered Jason Swift.

22. As a result of this assault and battery, Jason Swift was grievously injured and died as aforesaid.

23. Plaintiff is entitled to compensatory damages under R.I.Gen.L. §10-7-1, *et seq.*

**COUNT III**

24. Paragraphs 1 though 23 are incorporated herein by reference with the same force and effect as if fully set forth herein.

25. As a result of Defendants' negligence and wrongful conduct, Plaintiff's Decedent experienced severe pain and suffering and died.

26. Plaintiff is entitled to compensatory damages under R.I.Gen.L. §§10-7-1, *et seq.*

**COUNT IV**

27. Paragraphs 1 though 16 and 18 through 26 are incorporated herein by reference as if fully set forth herein.

28. Prior to February 12, 2008, the City of Pawtucket developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in the City of Pawtucket, which caused the violation of Jason Swift's rights on February 12, 2008.

29. It was the policy and/or custom of the City of Pawtucket to inadequately supervise and train its police officers, including but not limited to Defendants Martin, Lucchetti, Dolan, and Kelly, thereby failing to adequately discourage constitutional violations on the part of its police officers

30. It was the policy and/or custom of the City of Pawtucket to inadequately supervise and train its police officers to properly assist emotionally disturbed persons, and in the specific problems involved in dealing with emotionally disturbed people and taking them into custody.

31. The above-described policies and customs demonstrated deliberate indifference on the part of policy makers in the City of Pawtucket to the constitutional rights of persons within the City, and were the cause of the violations of Plaintiff's Decedent's rights alleged herein.

## COUNT V

32. Paragraphs 1 though 16 and 18 through 31 are incorporated herein by reference with the same force and effect as if fully set forth herein.

33. At all relevant times, Defendants John and Jane Does 1-10, or some of them, were responsible to train Defendants Martin, Lucchetti, Dolan and Kelly, other line and supervisory officers of the Pawtucket Police Department, and civilian employees assigned to the Pawtucket Police Department.

34. Said Defendants John and Jane Does 1-10, or some of them, recklessly and with callous indifference to constitutional rights, failed to adequately train Defendants Martin, Lucchetti, Dolan and Kelly, other line and supervisory officers, and civilian employees assigned to the Pawtucket Police Department who were involved in the Incident, in various matters including but not limited to how to deal with mentally ill and mentally handicapped individuals.

35. Plaintiff's Decedent was deprived of his constitutional rights and injured and died as a direct and proximate result of said failure by Defendants John and Jane Does, or some of them.

## COUNT VI

36. Paragraphs 1 though 35 are incorporated herein by reference with the same force and effect as if fully set forth herein.

37. Defendants John and Jane Doe 1-10, or some of them, negligently failed to adequately train Defendants Martin, Lucchetti, Dolan and Kelly, other line and supervisory officers and civilian employees assigned to the Pawtucket Police Department who were involved in the Incident, in various matters including but not limited to how to deal with mentally ill and mentally handicapped individuals.

38. Plaintiff's Decedent was injured and died as a direct and proximate result of said negligence.

**COUNT VII**

39. Paragraphs 1 through 38 are incorporated herein by reference with the same force and effect as if fully set forth herein.

40. As a result of Defendants' negligent and wrongful conduct, Matthew Swift was deprived of parental society and companionship.

41. Matthew Swift is entitled to compensatory damages under R.I.Gen.L. §10-7-1.2.

**COUNT VIII**

42. Paragraphs 1 through 41 are incorporated herein by reference with the same force and effect as if fully set forth herein.

43. At all relevant times Defendants Martin, Lucchetti, Dolan, Kelly and John and Jane Does 1 through 10 were agents and employees of the City of Pawtucket for whom the City is liable under *respondeat superior.*

WHEREFORE, the Plaintiff requests that this Court:

(a) Award compensatory damages to Plaintiff against all Defendants, jointly and severally;

(b) Award punitive damages to Plaintiff against all individual Defendants, jointly and severally;

(c) Award the costs of this action to the Plaintiff;

(d) Award reasonable attorneys' fees to the Plaintiff;

(e) Award such other and further relief as may be just.

Plaintiff, Noelle Farry,
By her Attorneys,

Max Wistow, Esq. #0330
Stephen P. Sheehan, Esq. #4030
Wistow & Barylick, Inc.
61 Weybosset Street
Providence, RI 02903
(401) 831-2700

**JURY DEMAND**

The Plaintiff hereby demands a jury trial.

Max Wistow, Esq. #0330

Dated: August 28, 2008