UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| NOELLE FARRY, as Administratrix of the Estate of Jason Swift, and as Parent and Next Friend of Matthew Swift, a minor | : | |
| v. | : | C.A. No. 08-325T |
| CITY OF PAWTUCKET, by and through its Finance Director Ronald L. Wunschel; WALLACE H. MARTIN, individually and in his representative capacity; ANTHONY M. LUCCHETTI, individually and in his representative capacity; DAVID F. DOLAN, individually and in his representative capacity; DAVID H. KELLY, individually and in his representative capacity; and JOHN and JANE DOES, 1 though 10, individually and in their representative capacities | : | |

**ANSWER ON BEHALF OF DEFENDANTS, CITY OF PAWTUCKET, BY AND THROUGH ITS FINANCE DIRECTOR, RONALD L. WUNSCHEL, WALLACE H. MARTIN, ANTHONY M. LUCCHETTI, DAVID F. DOLAN AND DAVID H. KELLY**

Now come the defendants, City of Pawtucket, by and through its Finance Director, Ronald L. Wunschel, Wallace H. Martin, Anthony M. Lucchetti, David F. Dolan and David H. Kelly, individually and in their representative capacities and answer the plaintiff's complaint as follows:

1. These defendants admit the allegations contained in paragraphs 1, 2, 3 and 9 of that portion of the plaintiff's complaint entitled "parties."

2. These defendants admit that Wallace H. Martin, a police officer for the City of Pawtucket responded to the scene on February 12, 2008, and used his service weapon and deny the remaining allegations set forth in paragraph 4 of that portion of the plaintiff's complaint entitled

"parties." Defendant Wallace objects and contests any allegations that he acted in his individual capacity.

3. These defendants admit that Anthony M. Lucchetti is a police officer employed by the City of Pawtucket who responded to the incident on February 12, 2008, and deny the remaining allegations contained in paragraph 5 of that portion of the plaintiff's complaint entitled "parties." Defendant Lucchetti objects and contests any allegations that he acted in his individual capacity.

4. These defendants admit that David F. Dolan is a police officer employed by the City of Pawtucket who responded to the incident on February 12, 2008, and deny the remaining allegations contained in paragraph 6 of that portion of the plaintiff's complaint entitled "parties." Defendant Dolan objects and contests any allegations that he acted in his individual capacity.

5. These defendants admit that David H. Kelly is a police officer employed by the City of Pawtucket who responded to the incident on February 12, 2008, and deny the remaining allegations contained in paragraph 7 of that portion of the plaintiff's complaint entitled "parties." Defendant Kelly objects and contests any allegations that he acted in his individual capacity.

6. These defendants make no response to the allegations contained in paragraph 8 of that portion of the plaintiff's complaint entitled "parties" and leave plaintiff to her proof of same.

7. These defendants admit the allegations contained in paragraph 10 of that portion of the plaintiff's complaint entitled "jurisdiction."

8. These defendants admit the allegations contained in paragraph 11 of that portion of the plaintiff's complaint entitled "factual allegations."

9. These defendants admit that Betty Swift contacted a dispatcher concerning her son's condition and deny the remaining allegations contained in paragraph 12 of that portion of the plaintiff's complaint entitled "factual allegations."

10. These defendants admit that defendants, Martin and Lucchetti were dispatched to the scene and had contact with Jason Swift and deny the remaining allegations contained in paragraph 13 of the plaintiff's complaint.

11. These defendants admit that defendants, Martin, Lucchetti and defendant, Dolan followed Jason Swift into the apartment building and that eventually defendant, Kelly went into the apartment building as set forth in paragraph 14 of that portion of the plaintiff's complaint entitled "factual allegations." Defendants further admit that defendant Martin used his service revolver but deny the remaining allegations contained in said paragraph.

12. These defendants deny the allegations contained in paragraph 15 of that portion of the plaintiff's complaint entitled "factual allegations."

13. These defendants make no response to the allegations contained in paragraph 16 of that portion of the plaintiff's complaint entitled "factual allegations" and leave plaintiff to her proof of same.

14. These defendants admit the allegations contained in paragraph 17 of that portion of the plaintiff's complaint entitled "notice of claim."

15. These defendants deny the allegations contained in paragraphs 18 and 19 of Count I of the plaintiff's complaint.

16. These defendants deny the allegations contained in paragraphs 20, 21, 22 and 23 of Count II of the plaintiff's complaint.

17. These defendants deny the allegations contained in paragraphs 24, 25 and 26 of Count III of the plaintiff's complaint.

18. These defendants deny the allegations contained in paragraphs 27, 28, 29, 30 and 31 of Count IV of the plaintiff's complaint.

19. These defendants deny the allegations contained in paragraphs 32, 33, 34 and 35 of Count V of the plaintiff's complaint.

20. These defendants deny the allegations contained in paragraphs 36, 37 and 38 of Count VI of the plaintiff's complaint.

21. These defendants deny the allegations contained in paragraphs 39, 40 and 41 of Count VII of the plaintiff's complaint.

22. These defendants deny the allegations contained in paragraphs 42 and 43 of Count VIII of the plaintiff's complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

These defendants plead absolute and qualified immunity as a bar to the within complaint.

### SECOND AFFIRMATIVE DEFENSE

These defendants plead all forms of statutory and common law immunity as a bar to the within complaint.

### THIRD AFFIRMATIVE DEFENSE

These defendants plead the public duty doctrine as a bar to the within complaint.

### FOURTH AFFIRMATIVE DEFENSE

These defendants plead the statutory cap on damages as a bar and restriction on some of the damages requested in this suit.

**FIFTH AFFIRMATIVE DEFENSE**

These defendants plead the plaintiff's injury including the death of Jason Swift were caused by or contributed to by his own conduct for which these defendants are not responsible.

**SIXTH AFFIRMATIVE DEFENSE**

These defendants plead that the plaintiff's injuries including the death of Jason Swift were caused or contributed to by other persons, firms or corporations for which these defendants are not responsible.

**SEVENTH AFFIRMATIVE DEFENSE**

The defendants, Martin, Lucchetti, Dolan and Kelly contest and object to suit being brought in their individual capacity.

**These defendants hereby demand a trial by jury.**

Defendants,
By their attorney,

*/s/ Marc DeSisto*

Marc DeSisto (#2757)
DESISTO LAW
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563
Phone: (401) 272-4442
Fax: (401) 272-9937
Email: marc@desistolaw.com

CERTIFICATION OF SERVICE

I hereby certify that the within document has been electronically filed with the Court on September 12, 2008, that it is available for viewing and downloading from the ECF system, and that the counsel of record listed below will receive notice via the ECF system:

Max Wistow, Esq. #0330
mw@wistbar.com

Stephen P. Sheehan, Esq. #4030
sps@wistbar.com

*/s/ Marc DeSisto*

Marc DeSisto