UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| NOELLE FARRY, as Administratrix of the Estate of Jason Swift, and as Parent and Next Friend of Matthew Swift, a minor | |
| v. | C.A. No. 08-325 |
| CITY OF PAWTUCKET, by and through its Finance Director Ronald L. Wunschel; WALLACE H. MARTIN, individually and in his representative capacity; ANTHONY M. LUCCHETTI, individually and in his representative capacity; DAVID F. DOLAN, individually and in his representative capacity; EDWARD WARDYGA, individually and in his representative capacity; MICHAEL NEWMAN, individually and in his representative capacity; and JOHN and JANE DOES, 1 though 10, individually and in their representative capacities | JURY TRIAL CLAIMED |

## SECOND AMENDED AND SUPPLEMENTAL COMPLAINT

### PARTIES

1.      Plaintiff Noelle Farry brings this action as the duly appointed Administratrix of the Estate of Jason Swift ("Plaintiff's Decedent"), and as the Parent and Next Friend of Matthew Swift, the minor son of Plaintiff's Decedent and his sole wrongful death beneficiary under R.I.Gen.L. §§10-7-1, *et seq.*

2.      The City of Pawtucket is a municipal corporation organized and existing under the laws of the State of Rhode Island.

3.      Ronald L. Wunschel is the current Director of Finance of the City of Pawtucket, and is herein sued in his representative capacity pursuant to R.I. Gen. Laws

§ 45-15-5, and should another individual occupy that position, this suit shall continue against said individual in his representative capacity.

4.      Wallace H. Martin ("Martin") is a Police Officer for the City of Pawtucket, who responded to the scene on February 12, 2008 involving Plaintiff's Decedent ("the Incident"), and participated in the actions and omissions of the various police officers involved in the Incident, and fired the shots which killed Plaintiff's Decedent, Jason Swift.

5.      Anthony M. Lucchetti ("Lucchetti") is a Police Officer employed by the City of Pawtucket, who responded to the Incident on February 12, 2008 and participated in the actions and omissions of the various police officers involved in the Incident.

6.      David F. Dolan ("Dolan") is a Police Officer employed by the City of Pawtucket, who responded to the Incident on February 12, 2008, and participated in the action and omissions of the police officers on said date.

7.      Edward Wardyga ("Wardyga") is a civilian employee of the City of Pawtucket who acted as police dispatcher in connection with the Incident.

8.      Michael Newman is a Lieutenant employed by the Pawtucket Police Department who was the officer in charge of Defendants Martin, Lucchetti, Dolan and their entire platoon at all relevant times on February 12, 2008.

9.      Defendants John and Jane Does 1 though 10 were, at all relevant times, police officers or non-uniformed employees of the Pawtucket Police Department or employees of the City of Pawtucket whose names and identities are unknown to Plaintiff at this time who were responsible for the hiring, screening, training, supervision and

conduct of Defendants Martin, Lucchetti, Dolan, Wardyga and Newman or were directly involved in the Incident.

10. At all relevant times, Defendants Martin, Lucchetti, Dolan, Wardyga, Newman and John and Jane Does 1 through 10 were acting under color of state law and within the scope of their employment, and were in compliance with the actual customs, policies, practices and procedures of Defendant City of Pawtucket.

## JURISDICTION

11. This Court has jurisdiction pursuant to 28 U.S.C. §1331, in that this is a civil action arising under the Constitution, laws, or treaties of the United States. In addition, this Court has supplemental jurisdiction under 28 U.S.C. §1367 over any claims based upon state law.

## FACTUAL ALLEGATIONS

12. On the morning of February 12, 2008, Jason Swift's mother, Betty Swift, called 911 and was connected to Edward Wardyga, the dispatcher for the Police Department of the City of Pawtucket.

13. Betty Swift informed Edward Wardyga that her son was "out of his mind" and "crazy right now," and that she did not know what to do or who to call. She said her son was "talking crazy," saying he is "Jesus Christ" and "has to save the world." She further stated that she did not want her son hurt. Edward Wardyga told Betty Swift to await police officers, and reassured her that the officers were trained to properly deal with the situation.

14. Edward Wardyga directed Defendants Martin and Lucchetti to the scene, notifying them over the police radio frequency that Jason Swift was "highly-96," which was police code that he was a highly emotionally or mentally disturbed person.

15. In violation of the written rules and regulations of the Pawtucket Police Department, Defendant Wardyga did not dispatch a supervisor to the scene.

16. In violation of the written rules and regulations of the Pawtucket Police Department, Defendants Martin and Lucchetti did not request a supervisor attend at the scene.

17. In violation of the written rules and regulations of the Pawtucket Police Department, Defendant Newman failed to assign a supervisor to attend the initial call for service at the scene.

18. When Defendants Martin and Lucchetti arrived, they observed Jason Swift brandishing a sheathed ceremonial sword in the yard of Betty Swift's apartment building. They observed that he was a large man, well over six feet tall and apparently weighing over 300 pounds. The police ordered Jason Swift to drop the sword, and he immediately complied. Jason Swift then made statements to the effect that he was cooperative, lifted his shirt and turned around to show that he was unarmed. Defendants Martin and Lucchetti then ordered Jason Swift to the ground, in violation of the written rules and regulations of the Pawtucket Police Department, and when he failed to comply, they aggressively attempted to physically restrain him, again in violation of the written rules and regulations of the Pawtucket Police Department for dealing with emotionally disturbed persons. Their actions caused Jason Swift to panic and allegedly slap Officer Martin's sunglasses off, whereupon the officers struck him

with their batons and used pepper spray on him. They were completely unable to subdue him and he retreated into Betty Swift's apartment building.

19. After a brief delay, Defendants Martin and Lucchetti, accompanied by Defendant Dolan, followed Jason Swift into the apartment building with guns drawn, planning to shoot to kill if Jason Swift lunged at them. The entryway and stairs were empty and they located him in Betty Swift's apartment. They commanded him to come out of the apartment.

20. When he failed to do so, they kicked in the door, in violation of the rules and regulations of the Pawtucket Police Department for dealing with barricaded suspects.

21. When they entered the apartment, Jason Swift was unarmed, and naked with his hands up. He again made statements to the effect that he was cooperative, and told the police he loved them. Jason Swift then followed the police officers' command and assumed a prone position on the floor, repeating that he loved them.

22. The police then again attempted to physically restrain Jason Swift, in violation of the written rules and regulations of the Pawtucket Police Department. Jason Swift again panicked, and a struggle then again ensued between Jason Swift and several police officers in the confined space of the apartment. They were again unable to subdue him. Their efforts degenerated into a brawl, with their attacking Jason Swift and striking him numerous times with their batons on his head, and other areas of his body.

23. Finally they ordered Jason Swift to stay down on the floor. While Jason Swift was not in a position to threaten any of the Defendant officers, Defendant Martin shot Jason Swift twice in the chest and abdomen, causing his death.

24. As a direct and proximate result of the acts of the Defendants, Plaintiff's Decedent suffered the following injuries and damages:

   (a) Violation of his constitutional rights under the Fourth and Fourteenth Amendments of the United States Constitution to be free from unreasonable searches and seizures of his person;

   (b) Loss of his life; and

   (c) Physical pain and suffering and emotional trauma and suffering.

25. In addition, Matthew Swift suffered the untimely end of his relationship with his father, with the corresponding loss of his father's income, services, protection, care, assistance, society, guidance, counsel, advice and love.

## NOTICE OF CLAIM

26. Plaintiff has presented her claims to the Pawtucket City Council and more than forty (40) days have elapsed without payment thereof.

## COUNT I

27. Plaintiff repeats and realleges Paragraphs 1 through 26 with the same force and effect as if set forth in full herein.

28. Plaintiff claims damages for the injuries set forth above under 42 U.S.C. §1983 against all defendants for violation of Plaintiff's Decedent's constitutional rights under color of law.

## COUNT II

29. Paragraphs 1 though 32 are incorporated herein with the same force and effect as if set forth in full herein.

30. Defendants Martin, Lucchetti and Dolan assaulted and battered Jason Swift.

31. As a result of this assault and battery, Jason Swift was grievously injured and died as aforesaid.

32. Plaintiff is entitled to compensatory damages under R.I.Gen.L. §10-7-1, *et seq.*

## COUNT III

33. Paragraphs 1 though 32 are incorporated herein by reference with the same force and effect as if fully set forth herein.

34. As a result of Defendants' negligence and wrongful conduct, Plaintiff's Decedent experienced severe pain and suffering and died.

35. Plaintiff is entitled to compensatory damages under R.I.Gen.L. §§10-7-1, *et seq.*

## COUNT IV

36. Paragraphs 1 though 35 are incorporated herein by reference as if fully set forth herein.

37. The City of Pawtucket developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in the City of Pawtucket, which caused the violation of Jason Swift's constitutional rights on February 12, 2008.

## COUNT V

38. Paragraphs 1 though 37 are incorporated herein by reference with the same force and effect as if fully set forth herein.

39. At all relevant times, Defendants John and Jane Does 1-10, or some of them, were responsible to train Defendants Martin, Lucchetti, Dolan and Newman, other line and supervisory officers of the Pawtucket Police Department, and civilian employees assigned to the Pawtucket Police Department including but not limited to Defendant Wardyga.

40. Said Defendants John and Jane Does 1-10, or some of them, recklessly and with callous indifference to constitutional rights, failed to adequately train Defendants Martin, Lucchetti, Dolan and Newman, other line and supervisory officers, and civilian employees assigned to the Pawtucket Police Department who were involved in the Incident including but not limited to Defendant Wardyga, in various matters including but not limited to how to deal with mentally ill and mentally handicapped individuals and barricaded suspects.

41. Plaintiff's Decedent was deprived of his constitutional rights and injured and died as a direct and proximate result of said failure by Defendants John and Jane Does, or some of them.

## COUNT VI

42. Paragraphs 1 though 41 are incorporated herein by reference with the same force and effect as if fully set forth herein.

43. Defendants John and Jane Doe 1-10, or some of them, negligently failed to adequately train Defendants Martin, Lucchetti, Dolan and Newman, other line and

supervisory officers and civilian employees assigned to the Pawtucket Police Department who were involved in the Incident including but not limited to Defendant Wardyga, in various matters including but not limited to how to deal with mentally ill and mentally handicapped individuals and barricaded suspects.

44. Plaintiff's Decedent was injured and died as a direct and proximate result of said negligence.

## COUNT VII

45. Paragraphs 1 through 44 are incorporated herein by reference with the same force and effect as if fully set forth herein.

46. At all relevant times Defendants Martin, Lucchetti, Dolan, Wardyga, Newman, and John and Jane Does 1 through 10 were agents and employees of the City of Pawtucket, acting within the scope of their employment, for whom the City is liable under the doctrine of *respondeat superior.*

## COUNT VIII

47. Paragraphs 1 through 46 are incorporated herein by reference with the same force and effect as if fully set forth herein.

48. As a result of Defendants' negligent and wrongful conduct, Matthew Swift was deprived of parental society and companionship.

49. Matthew Swift is entitled to compensatory damages under R.I.Gen.L. §10-7-1.2.

## COUNT IX

50. Paragraphs 1 through 49 are incorporated by reference with the same force and effect as if fully set forth herein.

51. Defendants Martin, Lucchetti and Dolan acted intentionally, with intent to violate Plaintiff's Decedent's constitutional rights or with reckless disregard for whether their conduct would violate such rights, which calls for the imposition of punitive damages.

WHEREFORE, the Plaintiff requests that this Court:

(a)     Award compensatory damages to Plaintiff against all Defendants, jointly and severally;

(b)     Award punitive damages to Plaintiff against Defendants Martin, Lucchetti and Dolan, jointly and severally;

(c)     Award the costs of this action to the Plaintiff;

(d)     Award reasonable attorneys' fees to the Plaintiff;

(e)     Award such other and further relief as may be just.

> Plaintiff, Noelle Farry,
> By her Attorneys,
>
> /s/Max Wistow_____
> Max Wistow, Esq.  #0330
> Stephen P. Sheehan, Esq.  #4030
> Wistow & Barylick, Inc.
> 61 Weybosset Street
> Providence, RI  02903
> (401) 831-2700

## **JURY DEMAND**

The Plaintiff hereby demands a jury trial.

> /s/Max Wistow_____
> Max Wistow, Esq.  #0330

Dated:  October 2, 2009

## **CERTIFICATION**

    I hereby certify that I caused to be served by electronic means (ECF) a copy of the within on the 2nd day of October, 2009, to the following:

Marc DeSisto, Esq.
marc@desistolaw.com

Karen Corcoran, Esq.
karen@desistolaw.com

                                         /s/Stephen P. Sheehan_____
                                         Stephen P. Sheehan, Esq.  #4030