UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

NOELLE FARRY, :
 :
      Plaintiff :
 :
v. : C.A. No. 08-325S
 :
CITY OF PAWTUCKET, :
 :
      Defendants :

### DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF (ADDITIONAL) UNDISPUTED MATERIAL FACTS

### Introduction

    Defendants make three (3) preliminary points.  First, LR Cv 56a (5) does not mandate that the facts disputed by the movant regarding additional undisputed facts filed by the objecting party be identified by evidence establishing the dispute as is necessary for the objecting party pursuant to LR Cv 56 a (3).  Nevertheless, defendants will cite to the evidence in some of the contested facts.

    Second, defendants acknowledge that at summary judgment the Court normally assumes that the trier of fact would credit the expert testimony proffered by the non moving party.  *Den Norske Bank v. First National Bank of Boston*, 75 F.3d, 49, 58 (fst. cir. 1996).  However, crediting the expected testimony of a non-moving expert is different from labeling that testimony as "undisputed facts".  Plaintiff has done that throughout her Statement of Undisputed Facts.  For instance, Plaintiff has designated substantial portions of the report of her expert Mr. Reiter as "undisputed facts" because his report was sworn to under penalties of perjury.  *Plaintiff's Statement of Additional Undisputed Facts, at 10, n. 4.*  This is improper.

Third, the Local Rules are clear that undisputed facts should be both concise and material. Plaintiff's twenty-nine (29) page submission of forty-three (43), long paragraphs of "undisputed facts" violates both of these principles. Indeed, many of the long paragraphs contain some facts that are undisputed, some facts that are disputed and material that is improper. These long paragraphs purporting to be undisputed facts make it difficult to frame precise responses. Consequently, where appropriate, defendants will contest these long paragraphs with assertions that the paragraphs contain improper assertions, i.e. expert opinions, and reasons or assertions that are not precise or not material.

The contested paragraphs are set forth below with numbers corresponding to the paragraphs in the Plaintiff's Statement of Additional Undisputed Facts.

**Defendant's Responses to Plaintiff's Statement of Additional Undisputed Facts**

1. Defendants contest this assertion as improper and rely on Section II. A of their Reply Memorandum of Law in support of their Motion for Summary Judgment.

2. Betty Swift knew during the 911 call that she would be connected to the Pawtucket Police Department and expected that the police would talk to her son and take him away. Deposition of Betty Swift, (July 16, 2009) at 67 (Exhibit H).

5. Defendants object to Footnote 3 as improper argument.

7. The collective entities mentioned in this long paragraph knew that Sgt. Maciel was on his way to the scene as a supervisor. Plaintiff implies that Sgt. Maciel was not on his way until Jason Swift had died. This is not supported in the record. *Deposition of Manuael Maciel (June 9, 2009): Deposition of Lt. Newman (June 16, 2009).*

8. Betty Swift told the officers "well, my son is having I believe a nervous breakdown. I think he needs psychiatric help. He needs to get to Butler, get to a hospital." *Swift deposition, at 71 (Exhibit H).*

   Jason Swift's actions precluded further conversations between Betty Swift and the officers. *Id.* at 75-76 (Exhibit H).

9. The weapon Jason Swift dropped was not immediately thrown over the fence by Betty Swift. There was significant interaction between the officers and Jason Swift before Betty Swift handled the weapon. *Id.* *Deposition of Anthony M. Lucchetti (May 18, 2009) at* 79-97.

10. "At that point" the officers were dealing with a person who attacked and assaulted them and eventually ran into the house. *Id.*

11. Improper submission containing non-concise expert opinions.

12. Improper submission containing non-concise expert opinions.

13. Improper submission containing non-concise expert opinions.

14. Improper submission containing non-concise expert opinions.

15. The conduct of Jason Swift was non-compliant to the orders of the officers, he struggled with the officers and struck Officer Martin. *Id. at 79-97; Betty Swift, R.I. State Police Witness Statement, (February 12, 2008), at 5, 6 & 7 (Exhibit G).* This paragraph is improper. Plaintiff admits in Footnote 5 (Page 13) that these facts are in dispute.

18. The last part of this paragraph is conjecture and opinion and is improper.

19. Improper submission containing non-concise expert opinions.

20. There is a typographical error in sentence no. 3 and it makes no sense.

21. Improper submission containing expert opinions.

22. This non-concise paragraph contains arguments and the improper submission of expert opinions.

23. Improper argument and submission of expert opinions.

24. Improper argument and submission of expert opinions.

26. Improper argument and submission of expert opinions.

27. Improper argument and commentary.

*28.* Dr. Gillespie testified that there are a number of scenarios that could have happened regarding the relative position of the shooter and the suspect. He determined that it is just as likely that Jason Swift was in a tackling stance and rushing towards the officer with his torso bent at the time the bullet was fired. *Deposition of Peter Gillespie, M.D. (August 29, 2009), at 34-36 (Exhibit J).*

29. Improper argument and submission of expert opinions.

30. Improper argument and submission of expert opinions.

31. Improper argument and submission of expert opinions.

33. Improper submission of expert opinions.

34. Improper submission of expert opinions.

35. Improper submission of expert opinions.

*37.* Improper argument and submission of expert opinions.  In addition, this matter proceeded to the Rhode Island State Grand Jury for an inquiry regarding the propriety of the officer's actions. *Deposition of Assistant Attorney General Stacey Veroni, (October 6, 2009) at 5-8.*

39. Improper argument and submission of expert opinions.

40. Improper because it contains non-material information.

41. Improper argument, unsubstantiated opinions.

42. Improper argument and submission of expert opinions.

          Respectfully Submitted,

          /s/ Marc DeSisto
          Marc DeSisto, Esq. (#2757)
          DESISTO LAW
          211 Angell Street
          P.O. Box 2563
          Providence, RI 02906-2563
          Phone: (401) 272-4442
          Fax:   (401) 272-9937
          Email: marc@desistolaw.com

<u>CERTIFICATION OF SERVICE</u>

I hereby certify that the within document has been electronically filed with the Court on December 15, 2009 and is available for viewing and downloading from the ECF system and that counsel of record listed below will receive notice via the ECF system.

Max Wistow, Esq. #0330
mw@wistbar.com

Stephen P. Sheehan, Esq. #4030
sps@wistbar.com

                                        /s/ Marc Desisto