UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| NOELLE FARRY, as Administratrix of the | : | |
| Estate of Jason Swift, and as Parent and | : | |
| Next Friend of Matthew Swift, a minor | : | |
| | : | |
| v. | : | C.A. No. 08-325S |
| | : | |
| CITY OF PAWTUCKET, by and through | : | |
| its Finance Director Ronald L. Wunschel; | : | |
| WALLACE H. MARTIN, individually and in his | : | |
| representative capacity; ANTHONY M. | : | |
| LUCCHETTI, individually and in his | : | |
| representative capacity; DAVID F. DOLAN, | : | |
| individually and in his representative capacity; | : | |
| EDWARD WARDYGA, individually and in his | : | |
| representative capacity; MICHAEL NEWMAN, | : | |
| individually and in his representative capacity; | : | |
| and JOHN and JANE DOES, 1 though 10, | : | |
| individually and in their representative | : | |
| capacities | : | |

**PLAINTIFF'S PRE-TRIAL MEMORANDUM**

Plaintiff submits this Pre-Trial Memorandum.

**I.      Plaintiff's Anticipated Proof at Trial**

Plaintiff asserts both constitutional and state law claims against all of the

defendants, except Defendants Newman and Wardyga against whom Plaintiff asserts

only state law claims.[1]

**1.      Plaintiff's claims against Defendant Martin
for violations of 42 U.S.C. §1983**

Plaintiff will prove that Defendant Martin violated Jason Swift's constitutional

rights under the Fourth and Fourteenth Amendments of the United States Constitution to

_____

[1] Plaintiff conceded her constitutional claims against Wardyga and Newman in connection with
Defendants' motion for partial summary judgment.

be free from unreasonable searches and seizures of his person.  Plaintiff will prove

specifically that Defendant Martin lacked probable cause to seize Jason Swift in the yard

at 71 Lupine Street for involuntary psychiatric evaluation, and even if Defendant Martin

had probable cause, he used excessive force in connection with that seizure.  Plaintiff

will prove that Defendant Martin forcibly entered Jason Swift's home without probable

cause, unreasonably and without a warrant.  Plaintiff will prove that Defendant Martin

lacked probable cause to seize Jason Swift in his apartment and even if Defendant

Martin had such probable cause, he used excessive force in connection with that

seizure, culminating in Defendant Martin shooting Jason Swift to death when Jason

Swift was on his knees or otherwise in no position to threaten Defendant Martin or any

of the other police officers that were in the apartment at the time.

Plaintiff will offer testimony from the following witnesses concerning these claims:

a.      Betty Swift.  Betty Swift will testify that her son Jason Swift was compliant

when Defendants Martin and Lucchetti confronted him but that Defendants Martin and

Lucchetti shouted that Jason Swift must get on the ground and when he failed to

immediately comply, Defendant Martin threw himself at Jason Swift and struck him with

the full force of his body.  She will testify that Defendants Martin and Lucchetti then fired

pepper spray into Jason Swift's eyes and mouth and struck him with their batons and

that Jason Swift did not fight with them even at that point but instead retreated to his

apartment.  She will also testify concerning Jason Swift's relationship with his minor son

Matthew.

b.      Chester Zuba.  Chester Zuba will testify that Jason Swift was non-

threatening and compliant with the police officers in the yard of 71 Lupine Street, but the

police immediately attacked him and began striking him and using pepper spray and batons on him.

      c.     Defendants Martin, Lucchetti, and Dolan, and Officer David Kelly will testify concerning these events.

      d.     Lynn Miller.  Lynn Miller will testify that she observed Jason Swift return to his apartment alone and saw the Defendant Officers physically assault him in the apartment, and then she heard the officers tell Jason Swift that if he did not stay down on the floor, they would shoot him.

      e.     Lou Reiter (expert) will testify that Defendants Martin, Lucchetti and Dolan acted without probable cause, exercised excessive force, violated the mandatory non-discretionary written orders of the Pawtucket Police Department concerning police interactions with emotionally disturbed individuals and barricaded suspects and violated professional standards of care, and that had Defendants exercised ordinary care, including but not limited to approaching Jason Swift in a non-threatening manner and requested the attendance of a supervisor prior to breaking into the apartment, Jason Swift probably would not have been killed.

      f.     Peter Gillespie, M.D.  Dr. Gillespie was the Deputy Medical Examiner who performed the autopsy on Jason Swift and will testify as a fact and expert witness.  He will testify that the physical evidence, including but not limited to the autopsy, is completely inconsistent with and absolutely contradicts the Defendant Officers' testimony that Swift was 1) standing fully-upright and 2) advancing towards Defendant Martin at the time he was shot, and is consistent with Jason Swift having been shot while he was on his knees, with Martin off to his side.

g.      Lone Thanning, M.D. (expert).  Dr. Thanning is a forensic pathologist who will testify that the physical evidence, including but not limited to the autopsy, is completely inconsistent with the Defendant Officers' testimony that Swift was 1) standing fully-upright and 2) advancing towards Defendant Martin at the time he was shot and is consistent with Jason Swift having been shot while he was on his knees with Martin off to his side.

h.      Peter DeForest, Ph.D. (expert).  Dr. DeForest is a criminalist who will testify that the physical evidence, including but not limited to the autopsy, is completely inconsistent with the Defendant Officers' testimony that Swift was 1) standing fully-upright and 2) advancing towards Defendant Martin at the time he was shot is consistent with Jason Swift having been shot while he was on his knees with Martin off to his side.

i.      William Manion, M.D. (expert).  Dr. Manion is a forensic pathologist who will testify that the physical evidence at autopsy is completely inconsistent with the Defendant Officers' testimony that Swift was 1) standing fully-upright and 2) advancing towards Defendant Martin at the time he was shot and is consistent with Jason Swift having been shot while he was on his knees with Martin off to his side.

j.      Debra Pinals, M.D. (expert).  Dr. Pinals will testify that Jason Swift's psychiatric condition on the day he was killed was treatable and that had the Defendant Officers facilitated Jason Swift's receipt of psychiatric care rather than shooting him to death, Jason Swift more likely than not would have recovered normal function and had a normal work-life expectancy.

k.      Dana Hewins, Ph.D. (expert).  Dr. Hewins will testify concerning the loss of earning capacity experienced by Jason Swift's Estate as a result of his death.

l.      Noelle Farry.  Noelle Farry will testify concerning Jason Swift's relationship with his minor son, Matthew Swift.

### 2.      Plaintiff's claims against Defendant Lucchetti for violations of 42 U.S.C. §1983

Plaintiff will prove that Defendant Lucchetti violated Jason Swift's constitutional rights under the Fourth and Fourteenth Amendments of the United States Constitution to be free from unreasonable searches and seizures of his person.  Plaintiff will prove specifically that Defendant Lucchetti lacked probable cause to seize Jason Swift for involuntary psychiatric evaluation in the yard at 71 Lupine Street and even if he had probable cause, he used excessive force in connection with that seizure.  Plaintiff will also prove that Defendant Lucchetti forcibly entered Jason Swift's home without probable cause, unreasonably and without a warrant.  Plaintiff will prove that Defendant Lucchetti lacked probable cause to seize Jason Swift in his apartment and even if he had probable cause, Defendant Lucchetti used excessive force to seize Jason Swift in his apartment.  Plaintiff will prove that Defendant Lucchetti acted in coordination and unison with Defendant Martin and therefore is liable for Defendant Martin's act of shooting Jason Swift to death when Jason Swift was on his knees or otherwise in no position to threaten Defendant Martin or any of the other police officers that were in the apartment at the time.  Plaintiff will also prove that Defendant Lucchetti had the opportunity and obligation but failed to intervene to prevent Defendant Martin from shooting Jason Swift to death.

Plaintiff will offer testimony from the witnesses referred to above with respect to Plaintiff's claims against Defendant Martin under 42 U.S.C. §1983 concerning these claims against Defendant Lucchetti.

### 3.   Plaintiff's claims against Defendant Dolan for violations of 42 U.S.C. §1983

Plaintiff will prove that Defendant Dolan violated Jason Swift's constitutional rights under the Fourth and Fourteenth Amendments of the United States Constitution to be free from unreasonable searches and seizures of his person.  Plaintiff will prove specifically that Defendant Dolan forcibly entered Jason Swift's home without probable cause, unreasonably and without a warrant.  Plaintiff will prove that Defendant Dolan lacked probable cause to seize Jason Swift in his apartment and that even if Dolan had probable cause, he used excessive force in connection with that seizure.  Plaintiff will prove that Defendant Dolan acted in coordination and unison with Defendant Martin and Defendant Lucchetti, and therefore is liable for Defendant Martin's shooting of Jason Swift to death when Jason Swift was on his knees or otherwise in no position to threaten Defendant Martin or any of the other police officers that were in the apartment at the time.  Plaintiff will also prove that Defendant Dolan had the opportunity and obligation but failed to intervene to prevent Defendant Martin from shooting Jason Swift to death.

Plaintiff will offer testimony from the witnesses referred to above with respect to Plaintiff's claims against Defendants Martin and Lucchetti under 42 U.S.C. §1983 concerning Plaintiff's claims against Defendant Dolan.

### 4.   Plaintiff's claims against Defendant City of Pawtucket under 42 U.S.C. §1983

Plaintiff will prove that the City of Pawtucket developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in the City of Pawtucket, which caused the violation of Jason Swift's constitutional rights on February 12, 2008.

In addition to the witnesses identified above, the following witnesses will testify concerning this claim:

a.      Lou Reiter (expert).  Lou Reiter will testify that the Defendant City of Pawtucket demonstrated deliberate indifference in failing to train and inadequately training its officers to respond to citizens who are emotionally or mentally disturbed.  He will also testify that the City of Pawtucket demonstrated deliberate indifference in failing to adequately supervise Defendant Martin.  He will testify that these failures were a substantial factor in causing Jason Swift's death.

b.      Police Chief George Kelley.  Chief Kelley will testify that he intentionally postponed administrative fact-finding concerning the individual defendants' violations of the constitutional rights of Jason Swift pending the resolution of this lawsuit.

c.      Major Bruce Moreau.  Major Moreau will testify that the City of Pawtucket provided no specific training to any of the individual defendants concerning police response to individuals with mental illness or emotional disturbances and trained officers to violate the written orders of the Department concerning interactions with emotionally disturbed persons and barricaded suspects.

d.      Captain Glen Haberle.  Captain Haberle will testify concerning Defendant Martin's admission three weeks prior to the shooting that he was experiencing too much physical, emotional, and mental stress to come to work on many occasions.

e.      Defendant Martin will testify concerning his mental state and misrepresentations to the Pawtucket Police Department, and will identify documents he sent to the Department.

5.   **Plaintiff's claims against Defendants**
**Martin, Lucchetti, and Dolan for assault**
**and battery**

Plaintiff will prove that Defendants Martin, Lucchetti and Dolan intended to cause

a harmful or offensive contact with the person of Jason Swift, putting Jason Swift in

imminent apprehension of such contact, and that they in fact caused a harmful and

offensive contact with the person of Jason Swift.  Plaintiff will prove this claim through

the witnesses referred to above with respect to Plaintiff's claims against Defendants

Martin, Luchetti and Dolan for violations of 42 U.S.C. §1983.

6.   **Plaintiff's claims against Defendants**
**Martin, Lucchetti, Dolan, Wardyga and**
**Newman for wrongful death**

Plaintiff will prove that as the result of Defendants Martin, Lucchetti, Dolan,

Newman and Wardyga's negligence and wrongful conduct, Jason Swift experienced

severe pain and suffering and died.  In addition to the proof as stated above, Plaintiff will

prove that Defendants Martin, Lucchetti, Dolan, Newman and Wardyga violated

mandatory and non-discretionary written orders concerning police dealings with

emotionally disturbed persons and that Defendants Martin, Lucchetti and Dolan

negligently failed to approach and interact with Jason Swift in a non-confrontational,

calm and non-threatening manner and to call for a supervisor to attend at the scene at

71 Lupine Street in connection with the initial call for service or immediately thereafter.

Plaintiff will prove that Defendants Martin, Lucchetti, and Dolan also violated mandatory

and non-discretionary written orders concerning barricaded suspects and negligently

broke into Jason Swift's apartment without calling for and awaiting a supervisor as

required by the standing orders of the Pawtucket Police Department.

Plaintiff will prove her claims through the witnesses identified above, and, in addition, through the following witnesses:

a.      Defendants Martin, Lucchetti, Wardyga and Newman will testify concerning their negligent failure to call for a supervisor to attend at the scene and Defendants Martin, Lucchetti and Dolan will testify concerning their negligent forcible entry of Jason Swift's apartment;

b.      Police Chief George Kelly will identify the written policies that called for a supervisor to be dispatched to the initial call for service and prohibited the Defendants' forcible entry of Jason Swift's apartment;

c.      Lou Reiter (expert).  In addition to his testimony summarized above, Lou Reiter will testify that Defendants Newman and Wardyga violated the written policies of the Pawtucket Police Department and failed to exercise reasonable care, which was a substantial factor in causing Jason Swift's death.

### 7.      Plaintiff's state law claims against City of Pawtucket under *respondeat superior*

Plaintiff will prove that the individual defendants were agents, servants or employees of Defendant City of Pawtucket and were acting within the scope of their authority, such that the City of Pawtucket is liable for their actions based on state law under the doctrine of *respondeat superior*, regardless of whether the individual defendants have qualified immunity for these state law claims.  See Napier v. Town of Windham, 187 F.3d 177, 191 (1st Cir. 1999).

### 8. Plaintiff's claims against all Defendants for loss of parental society and companionship

Plaintiffs will prove that Matthew Swift suffered a loss of parental society and companionship as a result of the Defendants' conduct.

### 9. Plaintiff's claims against Defendants Martin, Lucchetti and Dolan for punitive Damages

Plaintiffs will prove that Defendants Martin, Lucchetti and Dolan acted intentionally, with intent to violate Jason Swift's constitutional rights or with reckless disregard for whether their conduct would violate such rights, which calls for the imposition of punitive damages. Plaintiff will also prove that the Defendants' conduct was akin to criminality so as to entitle Plaintiff to punitive damages on her state law claims. Plaintiff will prove her claim through the witnesses identified above in connection with her claim that Defendants Martin, Lucchetti and Dolan violated 42 U.S.C. §1983.

## II. Supporting Law

Plaintiff incorporates by reference her Opposition to Defendants' Motion for Partial Summary Judgment.

## III. Exhibits

Plaintiff submits this list of exhibits without prejudice to and expressly reserving Plaintiff's right to elect not to offer any of these exhibits at trial, and to object to the admissibility of any of these exhibits if offered by Defendants. Plaintiff notes the purposes for which these exhibits are offered without prejudice to Plaintiff's right to assert additional or different purposes at trial.

1.     Rhode Island State Police ("RISP") Witness Statement for Patrolman Wallace H. Martin dated February 13, 2008 (prove events of 2/12/08);

2.     RISP Witness Statement for Officer Anthony Lucchetti dated February 12, 2008 (prove events of 2/12/08);

3.     RISP Witness Statement for Patrolman David Dolan dated February 12, 2008 (prove events of 2/12/08);

4.     RISP Witness Statement for David Kelly dated February 12, 2008 (prove events of 2/12/08);

5.     RISP Supplemental Witness Statement for David Kelly dated February 14, 2008 (prove events of 2/12/08);

6.     Records of Jason Swift's Massachusetts General Hospital admission 8/7/07 – 8/14/07 (prove Jason Swift's psychiatric history and prognosis);

7.     Miriam Hospital's outpatient notes 10/2/07 (prove Jason Swift's psychiatric history and prognosis);

8.     Autopsy Report (cause and manner of death);

9.     Pawtucket Police Department Manual of Procedures, concerning Emotionally Disturbed Persons (prove <u>Monell</u> claim and state law claims against individual defendants);

10.    Pawtucket Police Department Manual of Procedures concerning Barricaded Suspects (prove <u>Monell</u> claim and state law claims against individual defendants);

11.    Pawtucket Police Department Special Response Team policy (prove <u>Monell</u> claim and state law claims against individual defendants);

12.    January 19, 2008 Witness Statement of Wallace Martin given to Captain Haberle (prove <u>Monell</u> claim and Defendant Martin's state of mind);

13.    Pawtucket Police Department Firearms Training Powerpoint (prove <u>Monell</u> claim and state law claims against individual defendants);

14.    E-mail from Captain Haberle to All Divisions and Platoons dated February 5, 2009 (prove <u>Monell</u> claim and state law claims against individual defendants);

15.    E-mail from Major Moreau dated February 5, 2009 (prove <u>Monell</u> claim and state law claims against individual defendants);

16.    Police Response to Persons with Mental Illness Powerpoint (prove <u>Monell</u> claim and state law claims against individual defendants);

17.    Audiotape of calls to and from Pawtucket Police Department Dispatchers on 2/12/08 (prove events of 2/12/08);

18.    Grand Jury Testimony of Gerald McKinney (prove <u>Monell</u> claim);

19.    Grand Jury Testimony of Bruce Moreau (prove <u>Monell</u> claim);

20.    Grand Jury Testimony of Chester Zuba (prove events of 2/12/08);

21.    Grand Jury Testimony of Lynne Miller (prove events of 2/12/08);

22.    Grand Jury Testimony of Anthony Lucchetti (prove events of 2/12/08);

23.    Grand Jury Testimony of David H. Kelly (prove events of 2/12/08);

24.    Grand Jury Testimony of David Dolan (prove events of 2/12/08);

25.    Grand Jury Testimony of Wallace Martin (prove events of 2/12/08);

26.    Photographs of Crime Scene and Autopsy (all 134) (prove events of 2/12/08);

27.    October 1, 2007 memo from Major Martins to Captain Haberle (prove <u>Monell</u> claim and Defendant Martin's state of mind);

28.    October 22, 2007 Notice of Internal Investigation of Wallace Martin (prove <u>Monell</u> claim and Defendant Martin's state of mind);

29.    Administrative Rights Form, 1/19/08, Wallace Martin (prove <u>Monell</u> claim and Defendant Martin's state of mind);

30.    January 18, 2008 e-mail from Wallace Martin to Lts. Newman and Maciel (prove <u>Monell</u> claim and Defendant Martin's state of mind);

31.    Third Platoon Duty Roster (prove <u>Monell</u> claim and Martin's state of mind);

32.    Pawtucket Police Department Manual of Procedures, subject Internal Complaints (prove <u>Monell</u> claims and state law claims against individual defendants);

33.    January 21, 2008 narrative from Captain Haberle (prove <u>Monell</u> claim and Defendant Martin's state of mind);

34.   Memo from Captain Haberle to Chief Kelly (prove <u>Monell</u> claim and Defendant Martin's state of mind);

35.   October 1, 2007 abuse of sick time documents for Wallace Martin (prove <u>Monell</u> claim and Defendant Martin's state of mind);

36.   Pawtucket Police Department Manual of Procedures, subject Sick Leave (prove <u>Monell</u> claim and state law claims against individual defendants);

37.   Notification of Conclusion of Internal Investigation (prove <u>Monell</u> claim and Defendant Martin's state of mind);

38.   July 10, 2008 letter to Mary Bray from Stephen Sheehan (prove <u>Monell</u> claims);

39.   July 11, 2008 memo from Richard Goldstein to Chief Kelly (prove <u>Monell</u> claims);

40.   July 30, 2008 letter from Captain Haberle to Lorraine Braga (prove <u>Monell</u> claims);

41.   January 12, 2009 Report of Internal Investigation (prove <u>Monell</u> claims);

42.   Pawtucket Police Department Manual of Procedures, subject Deadly Force (prove <u>Monell</u> claims);

43.   Dispatch Log for 2/12/08 (prove events of 2/12/08);

44.   E-mail by Paul Karalis dated 2/13/09 (prove <u>Monell</u> claim and state law claims against individual defendants);

45.   Pawtucket Police Department attendance record for Mental Health-First Aid for Law Enforcement with attached training announcement (prove <u>Monell</u> claims);

46.   Memo dated 4/2/08 from Bruce Moreau to R.I. Attorney General's Office (prove <u>Monell</u> claims);

47.   Memo dated 7/11/08 from Richard Goldstein to Chief Kelly (prove <u>Monell</u> claims);

48.   Letter dated July 30, 2008 from Captain Haberle to Lorraine Braga (prove <u>Monell</u> claims);

49.   Training Announcement for Police Response to People with Mental Illness on 12/13/07 (prove <u>Monell</u> claims);

50.   Videotape entitled "In the Line of Duty, Volume 6, Program 2, Crisis Intervention Training, Dealing with the Mentally Ill" (prove <u>Monell</u> claims and state law claims against individual defendants)

51.   Rhode Island Municipal Police Academy ("RIMPA") Recruit Course Outline 2006 – I (prove <u>Monell</u> claims);

52.   RIMPA Recruit Course Outline 2005- II (prove <u>Monell</u> claims);

53.   RIMPA Recruit Course Outline 2007 – I (prove <u>Monell</u> claims);

54.   RIMPA Recruit Course Outline 2009 – I (prove <u>Monell</u> claims);

55.   CV for Peter Gillespie, M.D. (expert qualifications);

56.   E-mail dated 4/7/09 from Peter Gillespie to Laura Souza (cause and manner of death);

57.   State Medical Examiner's file for Autopsy Case #08-00629, Jason Swift (cause and manner of death);

58.   Transcripts of depositions in the case (all issues);

59.   Wound trajectory drawings;

60.   Animations of shooter and victim;

61.   Mannequin.

**IV.    Motions in *Limine***

Plaintiffs have no motions in *limine* at this time but reserves the right to file such motions prior to or at trial.

**V.     Jury Instructions**

In accordance with the Court's direction that the parties need only submit a proposed <u>preliminary</u> jury instruction at this time, and may submit proposed jury

instructions prior to the charge conference, Plaintiff suggests the following instruction be given at the opening of the case:

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

This case arises out of the death of Jason Swift on February 12, 2008 when he was shot and killed by Defendant Wallace Martin.  Plaintiff Noelle Farry has been appointed the legal representative of the Estate of Jason Swift to bring this action, and also brings this action on behalf of Jason Swift's minor child, Matthew, who is currently age 3 and is the sole beneficiary of the Estate of his father.

Plaintiff claims that on February 12, 2008 the civil rights of Jason Swift were violated by Defendants Wallace Martin, Anthony Lucchetti, and David Dolan, all of whom were police officers working for the City of Pawtucket.  Defendants Martin and Lucchetti responded to the home of Jason Swift after Jason's mother called 911 and asked for help to transport him to a psychiatric hospital because he was having emotional or mental problems.  Defendant Dolan arrived on the scene shortly thereafter.

Plaintiff alleges that Defendants Martin and Lucchetti unsuccessfully attempted to knock Jason Swift to the ground outside his home, and that when Jason Swift attempted to retreat to his apartment, Defendants Martin and Lucchetti beat him with batons and sprayed him with pepper spray.  Plaintiff alleges that after Jason Swift was able to lock himself in his apartment, Defendants Martin, Lucchetti and Dolan broke into the apartment and assaulted Jason Swift in an effort to handcuff him, and that Defendant Martin shot Jason Swift while Jason was on his knees with Martin off to his side, or was otherwise in no position to threaten the officers.

15

Plaintiff claims that the officers' conduct constituted an unreasonable seizure of Jason Swift and the use of excessive force.  Plaintiff's claims against Defendants Martin, Lucchetti and Dolan are brought under the Fourth Amendment of the United States Constitution and under state law.  Plaintiff claims that Defendants Newman and Wardyga were negligent and are liable under state law for failing to timely send a supervisor to 71 Lupine Street.  Plaintiff's state law claims against Defendants Lucchetti, Dolan and Martin include assault and battery and negligence resulting in wrongful death.

In addition, Plaintiff claims that the City of Pawtucket showed deliberate indifference in failing to train the defendant officers in dealing with emotionally disturbed individuals, and that this failure contributed to Jason Swift's death.  Plaintiff also claims that the Pawtucket Police Department showed deliberate indifference in supervising Defendant Martin.  Plaintiff also alleges that the City of Pawtucket is liable for the state law violations of the individual defendants.

The Plaintiff has the burden of proving all of these claims.

Defendants deny the Plaintiff's claims and they also contend that all of the actions of the officers were appropriate and lawful.

**VI.    Probable Length of Trial**:  Four weeks

**VII.   Additional Matters**:  None at this time.

Plaintiff, Noelle Farry,
By her Attorneys,


/s/Max Wistow_____
Max Wistow, Esq.  #0330
mw@wistbar.com

/s/Stephen P. Sheehan_____
Stephen P. Sheehan, Esq.  #4030
Wistow & Barylick Incorporated
61 Weybosset Street
Providence, RI  02903
(401) 831-2700
sps@wistbar.com

Dated:  April 1, 2010

## <u>CERTIFICATION</u>

I hereby certify that I caused to be served by electronic means (e-mail) a copy of the within on the 1st day of April, 2010, to the following:

Marc DeSisto, Esq.
marc@desistolaw.com

Karen Corcoran, Esq.
karen@desistolaw.com

/s/Stephen P. Sheehan_____