UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| NOELLE FARRY, et al, <br><br>   *Plaintiff,* <br><br> vs. <br><br><br> CITY OF PAWTUCKET, et al <br><br>   *Defendants.* | C.A. No. 08-325S |

### DEFENDANTS' MOTION IN LIMINE REGARDING THE ORDER AND PRESENTATION OF WITNESSES

NOW COME Defendants, (hereinafter "defendants"), and hereby move in limine to limit the scope of interrogation of defendants as adverse witnesses in plaintiff's case in chief, or in the alternative allow defense counsel to conduct direct examination of the witnesses, prior to plaintiff's cross-examination, during plaintiff's case-in-chief.  In support thereof, defendants rely upon the Memorandum of Law, attached and incorporated herein.

                                  Defendants,
                                  By their attorney,


                                  */s/ Marc DeSisto*
                                  Marc DeSisto        (#2757)
                                  DESISTO LAW
                                  211 Angell Street
                                  P.O. Box 2563
                                  Providence, RI 02906-2563
                                  Phone: (401) 272-4442
                                  Fax:   (401) 272-9937
                                  Email: marc@desistolaw.com

1

2

CERTIFICATION OF SERVICE

   I hereby certify that the within document has been electronically filed with the Court on April 1, 2010, that it is available for viewing and downloading from the ECF system, and that the counsel of record listed below will receive notice via the ECF system:

Max Wistow, Esq. #0330
mw@wistbar.com

Stephen P. Sheehan, Esq. #4030
sps@wistbar.com

                */s/ Marc DeSisto*
                Marc DeSisto

2

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| NOELLE FARRY, et al, <br><br> *Plaintiff,* <br><br> vs. <br><br><br> CITY OF PAWTUCKET, et al <br><br> *Defendants.* | C.A. No. 08-325S |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION IN LIMINE REGARDING THE ORDER AND PRESENTATION OF WITNESSES**

**I.     Introduction**

Plaintiff's counsel has indicated an intention to call one or more of the named Defendants, (hereinafter "defendants"), as adverse witnesses in the above captioned matter. Allowing unlimited cross-examination of defendants by plaintiff's counsel, prior to direct examination by defense counsel, will subject defendants to undue harassment and embarrassment, confuse the jury, stymie the ascertainment of the truth, and cause a needless consumption of time.  Consequently, defendants request that this Court grant defendant's Motion in limine and limit the scope of interrogation of defendants as adverse witnesses or in the alternative allow defense counsel to conduct direct examination of the witnesses, prior to plaintiff's cross-examination, during plaintiff's case-in-chief.

**II.    Federal Rules of Evidence 611 – Authority to call defendant as Adverse Witness**

The authority for Plaintiff to call any defendant as an adverse witness resides in Rule 611 of the Federal Rules of Evidence.  In relevant part it states "When a party calls a hostile witness,

1

an adverse party, or a witness identified with an adverse party, interrogation may be by leading questions". *Fed .R. Evid. 611 (c)*. This rule not only establishes the manner in which an adverse witness may be questioned but also, by inference, establishes the ability to call an adverse witness. Neither the scope nor the guidelines for questioning are addressed, but only the manner; leading questions.  Instead, discretion is given to the Court to "control [] the mode and order of interrogating witnesses". *Fed. R. Evid. 611 (a)*.   The rule states that the Court should seek to "(1) make the interrogation and presentation effective for the ascertainment of the truth, (2) avoid needless consumption of time, and (3) protect witnesses from harassment or undue embarrassment." *Id*.  This discretion is important because the Plaintiffs do not have an unfettered right to call defendants during their case in chief. <u>Elgabri v. Lekas</u>, 965 F.2d 1255, 1259 (1st Cir. 1992).

### III.     Purpose behind the Adverse Witness provision

Rule 611 is silent as to the purpose of, and policy reasoning behind, allowing a Plaintiff to call Defendant as an adverse witness, thus, it is necessary to look to the relevant case law.  As noted long ago:

> the very purpose of permitting a party to be called as an adverse witness is to enable the party calling him to probe for information that he does not have, and to ascertain whether the party so called has knowledge of any facts bearing upon the subject of inquiry which the party calling him does not know of.

<u>Shrives v. Talbon</u>, *398 P.2d 448, 453 (Id. 1965) quoting* <u>In re. Olson's Estate</u>, *54 S.D. 184, 223 N.W. 41, 45 (1929)*.  In <u>Shrives</u>, the Idaho Supreme Court was relying upon its decision in <u>Boeck v. Boeck</u>, *161 P. 576 (Id 1916)*, for the proposition that an adverse witness "can be cross-examined only as to matters which are peculiarly within the knowledge of the witness and

2

**which are not otherwise readily available**." <u>Shrives</u>, 398 P.2d at 453 (emphasis added) citing <u>Boeck</u>, 161 P. at 675.

There are two reasons why a plaintiff would seek to call a defendant as an adverse witness; either plaintiff fears defendant may not be called in defendant's case or defendant's testimony is needed to prove an essential element of the claim. If defendant is compelled to testify based on the second reason, then his testimony should be limited to facts pertinent to proving the essential elements of the claim. The interrogation must also be limited to knowledge that is not otherwise readily available. *Id*. The interrogation must be limited because it is "unfair for a Plaintiff to prove his case through the mouth of the Defendant". <u>Elgabri</u>, 964 F.2d at 1259.

This was the holding of the First Circuit in <u>Elgabri v. Lekas</u>, 964 F.2d 1255, 1259 (1st Cir. R.I. 1992). In that case, the First Circuit affirmed the R.I. District Court's (J.Boyle) decision to limit plaintiff's examination of defendants in his case-in-chief "to subject matter that could not be obtained in any other fashion." <u>Id.</u> In his case in chief, Plaintiff called one of the defendants and began cross-examining him. After a day of testimony, Judge Boyle advised plaintiff that "it's unfair sometimes for a Plaintiff to prove his case through the mouth of the Defendant." <u>Id.</u> When plaintiff persisted in his questions, Judge Boyle ruled that plaintiff would be limited in the questioning of defendants during plaintiff's case in chief (upon promise by defendants to testify in their case in chief) to information that was "not otherwise available." The First Circuit affirmed and held that "plaintiff did not have an "unfettered right" to call defendants during his case-in-chief." <u>Id.</u> After noting that "the mode and order of questioning" was within the trial court's discretion, the First Circuit held: "In this case, the court reasonably held that plaintiff's examination of defendants should be limited in the described manner in order

3

to make the presentation of evidence effective and to avoid needless consumption of time." *Id. at 1260*.

Defendants submit that the presentation of witness in the instant case should likewise be restricted.

**IV.   Discretion of Court to regulate the mode and order of trial**

It is well founded that the Court has discretion to regulate the mode and order of trial. "The mode and order of questioning thus lies in the trial Court's discretion." <u>*Id.* see United States v. *Nivica,* 887 F.2d 1110, 1120 (1st Cir. 1989)</u>, *cert. denied,* <u>494 U.S. 1005, 108 L. Ed. 2d 477, 110 S. Ct. 1300 (1990)</u>. Rule 611 (a) states in relevant part "The Court shall exercise reasonable control over the mode and order of interrogating witnesses". *Fed. R. Evid. 611 (a)*. It is within the discretion of the Court to limit the scope and extent of cross-examination. *U.S. v. Kepreos*, 759 F.2d 961 (1985). "In fact, where cross-examination is likely to be more prejudicial than probative, the trial court always has discretion to restrict the extent of cross-examination." *U.S. v. Twomey*, 806 F.2d 1136 (1st Cir. 1986). In the present case, the scope of the cross-examination of defendant by plaintiff counsel should be limited to information solely in the knowledge of defendant and information that goes to proving an essential element of the claim. Allowing interrogation beyond this limited area would be more prejudicial than probative. Limiting the cross-examination would make the interrogation and presentation effective for the ascertainment of the truth, avoid needless consumption of time, and protect witnesses from harassment or undue embarrassment. *Fed. R. Evid. 611(a)*. Allowing plaintiff's counsel unlimited cross-examination of one or more defendants would not only cause witnesses harassment and undue embarrassment, but would confuse the issues for the jury.

V.      **In This Matter the Best Method is to Allow Defense Counsel to Direct Prior to Plaintiff's Cross**

The alternative to limiting the scope of plaintiff's cross-examination is to allow defense counsel to conduct direct examination of the defendant witnesses prior to the plaintiff's cross-examination of them in plaintiff's case-in-chief. This is the best method for fairness within the circumstances of this case. This manner and order of interrogation will still allow plaintiff to ascertain any information solely in the knowledge of the defendant adverse witness. However, allowing defense counsel the opportunity to direct prior to the cross-examination will remove the confusion to the jurors that comes from the out of order interrogation and will help with the ascertainment of the truth.

VI.     **Conclusion**

For the above stated reasons, Defendants hereby requests that this Court grant defendant's Motion in limine and limit the scope of interrogation for which plaintiff calls defendants as adverse witnesses or in the alternative allow defense counsel to conduct direct examination of the witnesses prior to plaintiff cross-examination during plaintiff's case-in-chief.

Defendants,
By their attorney,

*/s/ Marc DeSisto*
Marc DeSisto     (#2757)
DESISTO LAW
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563
Phone: (401) 272-4442
Fax:   (401) 272-9937
Email: marc@desistolaw.com

CERTIFICATION OF SERVICE

      I hereby certify that the within document has been electronically filed with the Court on April 1, 2010, that it is available for viewing and downloading from the ECF system, and that the counsel of record listed below will receive notice via the ECF system:

Max Wistow, Esq. #0330
mw@wistbar.com

Stephen P. Sheehan, Esq. #4030
sps@wistbar.com

                                      */s/ Marc DeSisto*
                                      Marc DeSisto