UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| NOELLE FARRY, as Administratrix of the Estate of Jason Swift, and as Parent and Next Friend of Matthew Swift, a minor | : : : : | |
| v. | : : | C.A. No. 08-325S |
| CITY OF PAWTUCKET, by and through its Finance Director Ronald L. Wunschel; et al | : : | |

DEFENDANTS' MOTION
TO SEVER, BIFURCATE OR SEAT TWO JURIES

Defendants hereby move for the following Order:  1) to sever or bifurcate the trial of the Individual Defendants and the Municipal Defendant, pursuant to *Federal Rule of Civil Procedure 21 and 42(b)* or, in the alternative, 2) to seat two separate juries to hear the separate claims against the Individual Defendants and Municipal Defendant.   As grounds, Defendants rely on their Memorandum of law filed herewith.

                Defendants,
                By their attorney,


                /s/ Marc DeSisto
                Marc DeSisto       (#2757)
                DESISTO LAW
                211 Angell Street
                P.O. Box 2563
                Providence, RI 02906-2563
                Phone: (401) 272-4442
                Fax:    (401) 272-9937
                Email: marc@desistolaw.com

C.A. No. 08-325 S

## CERTIFICATION OF SERVICE

I hereby certify that the within document has been electronically filed with the Court on April 1, 2010 and is available for viewing and downloading from the ECF system and that counsel of record listed below will receive notice via the ECF system.

Max Wistow, Esq. #0330
mw@wistbar.com

Stephen P. Sheehan, Esq. #4030
sps@wistbar.com

                                                  /s/ Marc DeSisto

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| NOELLE FARRY, as Administratrix of the Estate of Jason Swift, and as Parent and Next Friend of Matthew Swift, a minor | : : : : | |
| v. | : : | C.A. No. 08-325S |
| CITY OF PAWTUCKET, by and through its Finance Director Ronald L. Wunschel; et al | : : | |

DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION
TO SEVER, BIFURCATE OR SEAT TWO JURIES

**I.   Introduction**

Plaintiff filed the instant action against the City of Pawtucket ("Municipal Defendant") and police officers, Wallace Martin, Anthony Lucchetti, David Dolan, Edward Wardgya and Michael Newman ("Individual Defendants"). The case is scheduled for trial for the May 3, 2010. Defendants hereby move for the following Order:  1) to sever or bifurcate the trial of the Individual Defendants and the Municipal Defendant, pursuant to *Federal Rule of Civil Procedure 21 and 42(b)* or, in the alternative, 2) to seat two separate juries to hear the separate claims against the Individual Defendants and Municipal Defendant.   As grounds, Defendants state that separate trials are necessary to avoid prejudice to the Individual Defendants. Further, separate trials may be conducive to judicial economy and efficiency.

**II.   Standard of Review**

*Rule 21* allows this Court to "sever any claim against a party" while *Rule 42(b)* provides that

> * * *  the court in furtherance of convenience or to avoid prejudice or when separate trials will be conducive to expedition and economy, may order a separate

>trial * * * of any claim, cross-claim, counterclaim, or third party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third party claims, or issues.

There is a distinction between severance under *Rule 21* and separate trials under *Rule 42(b)*. "[A] judgment in a severed action is final, enforceable and appealable when it disposes of all parties." Gail v. New England Gas Company, *247 F.R.D. 282, 285 (D.R.I. 2008)* "[An] order entered at the conclusion of a separate trial may not be because it is often interlocutory." *Id*. "Accordingly, severance under *Rule 21* may be appropriate where the two claims are discrete and separate, i.e., one claim must be capable of resolution despite the outcome of the other claim while separate trials under *Rule 42(b)* may be appropriate where final resolution of one claim affects the resolution of the other." *Id*. (internal quotations and citation omitted)

This Court "has broad discretion to order separate trials under *Rule 42(b)* in order to (1) promote convenience, (2) expedite the proceedings, or (3) avoid unfair prejudice to a party." Daniels v. Loizzo, *178 F.R.D. 46, 47 (S.D. N.Y. 1998)*. Further, only one of these three factors is necessary to support bifurcation. *Id*.

**III.   Argument**

In the instant case, Plaintiff asserts violations of *42 U.S.C. § 1983*, as well as other state law causes of action, against all Defendants. The Individual Defendants are also accused of using excessive force against Plaintiff's decedent in violation of his constitutional rights and other related state law claims. Against the Municipal Defendant only, Plaintiff alleges *§ 1983* claims for unconstitutional policy and practice and failure to adequately train and supervise its police offices as well as negligent training and supervision.

C.A. No. 08-325 S

Defendants believe that Plaintiff intends to introduce, at trial, evidence of alleged past misconduct by some of the Individual Defendants to support her *§ 1983* claims against the Municipal Defendant.  For example, Defendant Martin's alleged misuse of sick time and his report of stress to the Internal Affairs Division as well as his use of the "Lawman" and "Cowboy Country" monikers and the other matters set forth, and more fully explained, in Defendants' Memorandum of Law in Support of Motion in Limine.[1]  Defendants contend that should the Court deem this evidence admissible on Plaintiff's claims against the Municipal Defendant, it is inadmissible against the Individual Defendants.  In addition, evidence concerning alleged lack of training and/or supervision, which is not admissible as to the Individual Defendants, will unfairly taint the jury against the Individual Defendants.  For example, alleged evidence that the Municipal Defendant failed to adequately train its police officers, may prejudice the jury as they decide the claims against the Individual Defendants.  No instruction to the jury to disregard the evidence when deciding the claims against the Individual Defendants will adequately protect them.

As the <u>Daniels</u> court stated, "if the jury considers the past misconduct evidence against Municipal Defendant in a consolidated trial, there exists a substantial danger of unfair prejudice to the Individual Defendants.  Courts, faced with this dilemma, have separated the trial of individual police officers from that of the municipality so that evidence admissible against the municipality does not unfairly taint the trial of the individual officers." <u>Id</u>. *at 48*.  In the instant case, severance, bifurcation of the trials or seating two separate juries will avoid prejudice to the Individual Defendants.

---

[1] For brevity sake, Defendants will not repeat the arguments here.

3

Bifurcation may also promote judicial economy and efficiency. First, the trial against the Individual Defendants will be significantly shorter than a trial including the Municipal Defendant. Evidence related to the claims against the Municipal Defendant, i.e., its polices and practices, training and supervision, etc., will be largely unnecessary. Second, if Plaintiff does not prevail on its claims against the Individual Defendants, the trial against the Municipal Defendant may be superfluous.

In order to prevail on its constitutional claims against the Municipal Defendant, Plaintiff must prove that one of the Individual Defendants inflicted a constitutional injury on Plaintiff's decedent. *Id*.; *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (*'[none] of our cases authorizes the award of damages against a municipal corporation based on the actions of one of its officers when in fact the jury has concluded that the officer inflicted no constitutional harm. If a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the departmental regulations might have authorized the use of constitutionally excessive force is quite beside the point."*). Therefore, if the jury finds no constitutional rights violation by the Individual Defendants, the second trial against the Municipal Defendant evaporates which leads to judicial economy and efficiency.[2] *Id*. See also, *Cook v United States Automobile Association*, 169 F.R.D. 359, 361 (D.NV 1996) (*"Bifurcation is particularly appropriate when resolution of a single claim or issue would be dispositive of the entire case."*)

Further, as a practical matter, if Plaintiff is successful in her claims against the Individual Defendants, a subsequent verdict against the Municipal Defendant will not result in more monetary damages for her. Plaintiff cannot recover twice for the same

---

[2] As the Daniels court states, if the Individual Defendants escape liability on the defense of qualified immunity, a second trial against the Municipal Defendant may be necessary. *Daniels*, 178 F.R.D.. at 49 fn 3.

4

C.A. No. 08-325 S

injury. So, from an economic position, if Plaintiff is successful in the first trial, she will receive nothing more from the Municipal Defendant than she recovers from the Individual Defendants.

**IV.     Conclusion**

For the reasons contained herein, and others that may be raised at hearing, Defendants respectfully request that this Court sever or bifurcate the trial of the Individual Defendants from the Municipal Defendant or, in the alternative, seat two juries to hear the separate claims against the Individual and Municipal Defendants.

> Defendants,
> By their attorney,
>
> /s/ Marc DeSisto
> Marc DeSisto     (#2757)
> DESISTO LAW
> 211 Angell Street
> P.O. Box 2563
> Providence, RI 02906-2563
> Phone: (401) 272-4442
> Fax:     (401) 272-9937
> Email: marc@desistolaw.com

CERTIFICATION OF SERVICE

I hereby certify that the within document has been electronically filed with the Court on April 1, 2010 and is available for viewing and downloading from the ECF system and that counsel of record listed below will receive notice via the ECF system.

Max Wistow, Esq. #0330
mw@wistbar.com

Stephen P. Sheehan, Esq. #4030
sps@wistbar.com

> /s/ Marc DeSisto

5